IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LOWBOITE MARTINEZ,                )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )        Case No. 09-1182-WEB
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of                   )
Social Security,                  )
                                  )
                    Defendant.    )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

1

correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth
and final step requires the agency to consider vocational factors
(the claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.
1993).  At step five, the burden shifts to the Commissioner to
show that the claimant can perform other work that exists in the
national economy.  Nielson, 992 F.2d at 1120; Thompson v.
Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner
meets this burden if the decision is supported by substantial
evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);
416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On November 3, 2008, administrative law judge (ALJ) Alison
K. Brookins issued her decision (R. at 17-25).  Plaintiff alleges
that he has been disabled since October 3, 2005 (R. at 17).
Plaintiff is insured for disability insurance benefits through

September 30, 2006 (R. at 19).  At step one, the ALJ determined
that plaintiff has not performed substantial gainful activity
since October 3, 2005, the alleged onset date of disability (R.
at 19).  At step two, the ALJ found that plaintiff has the
following severe impairments: history of depression and anxiety;
possible psychotic disorder, rule out malingering; history of
alcohol abuse in questionable remission; and probable personality
disorder (R. at 19).  At step three, the ALJ determined that
plaintiff's impairments do not meet or equal a listed impairment
(R. at 20).  After determining plaintiff's RFC (R. at 21), the
ALJ found at step four that plaintiff is unable to perform past
relevant work (R. at 24).  At step five, the ALJ found that
plaintiff can perform other work that exists in significant
numbers in the national economy (R. at 24-25).  Therefore, the
ALJ concluded that plaintiff was not disabled (R. at 25).

**III.  Did the ALJ err in his analysis of plaintiff's credibility?**

Plaintiff argues that the ALJ erred in her credibility
analysis.  The court will not reweigh the evidence or substitute
its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>,
395 F.3d 1168, 1173 (10th Cir. 2005).  Credibility
determinations are peculiarly the province of the finder of fact,
and a court will not upset such determinations when supported by
substantial evidence.  However, findings as to credibility should
be closely and affirmatively linked to substantial evidence and

not just a conclusion in the guise of findings.  <u>Kepler v.</u>
<u>Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ
cannot ignore evidence favorable to the plaintiff.  <u>Owen v.</u>
<u>Chater</u>, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require
a formalistic factor-by-factor recitation of the evidence.  So
long as the ALJ sets forth the specific evidence he relies on in
evaluating the claimant's credibility, the ALJ will be deemed to
have satisfied the requirements set forth in <u>Kepler</u>.  <u>White v.</u>
<u>Barnhart</u>, 287 F.3d 903, 909 (10th Cir. 2002); <u>Qualls v. Apfel</u>,
206 F.3d 1368, 1372 (10th Cir. 2000).  An ALJ must therefore
explain and support with substantial evidence which part(s) of
claimant's testimony he did not believe and why.  <u>McGoffin v.</u>
<u>Barnhart</u>, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for
the ALJ to use standard boilerplate language which fails to set
forth the specific evidence the ALJ considered in determining
that a claimant's complaints were not credible.  <u>Hardman v.</u>
<u>Barnhart</u>, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand,
an ALJ's credibility determination which does not rest on mere
boilerplate language, but which is linked to specific findings of
fact fairly derived from the record, will be affirmed by the
court.  <u>White</u>, 287 F.3d at 909-910.

The ALJ provided the following discussion of plaintiff's
credibility:

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity.

Although the claimant has reported an inability to work due to mental impairments, this is not supported in a review of the evidence. The claimant has not sought regular treatment with Dr. Liebenau reporting in January 2007 that the claimant was not motivated to work indicating the possibility of malingering. The claimant did report a work attempt in October 2007 noting he was fired when money was missing from the safe and not because of any health issues. He takes no medication. The claimant has reported the receipt of state assistance noting he is comfortable residing with a roommate and spending time watching television and riding his bike. Although the claimant reports an inability to get along with people, this is not reflected in the evidence. The record reflects that he has had several girlfriends, a roommate and spends time with his brother. Although reporting hallucinations, this is not reflected in a review of the medical records. I note that if this were a significant problem, he would seek treatment. He has also reported problems with concentration and memory. However, this is also not reflected in the treatment notes and inconsistent with his reports of watching television, riding bikes and fixing meals. The claimant has provided discrepant statements regarding substance abuse. Although I do not find the substance abuse to be an ongoing material issue, his discrepant statements do affect credibility.[1]

---

[1]Earlier in his decision, the ALJ discussed, with specific citations to the record, plaintiff' discrepant statements

(R. at 23).  The ALJ gave greater weight to the consultative examination of Dr. Liebenau and the state agency psychological assessment by Dr. Fantz in determining plaintiff's RFC and in assessing the weight to be given to plaintiff's credibility regarding an inability to work due to mental impairments (R. at 23-24).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ has provided a detailed explanation for not finding

---

regarding substance abuse (R. at 21-22).

plaintiff credible regarding his assertion that he is unable to work due to mental impairments. The court finds that the ALJ has set forth the specific evidence he relied on in evaluating plaintiff's credibility, and that the ALJ's credibility determination is linked to specific findings of fact fairly derived from the record.

**IV. Did the ALJ err in his RFC finding that plaintiff had only a moderate, and not a marked, limitation in his ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes?**

The ALJ, in her RFC findings, stated that plaintiff had a moderate limitation in his ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes (R. at 21). In his consultative examination, Dr. Liebenau made the following finding regarding the plaintiff:

> He did come across as someone who would have some difficulty getting along with others, complying with instructions, and cooperating with authority figures.

(R. at 382). Dr. Fantz, the state agency psychological consultant, found that plaintiff had a "moderate" limitation in his ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes (R. at 436). In making his findings, Dr. Fantz referenced the consultative examination by Dr. Liebenau (R. at 451).

9

Plaintiff argues that the report from Dr. Liebenau supported a finding of a "marked" impairment in getting along with co-workers or peers (Doc. 15 at 24-25). However, as noted above, the court will not reweigh the evidence. Furthermore, the court finds that the conclusion of the ALJ that plaintiff had only a moderate impairment in his ability to get along with co-workers or peers is reasonable and consistent with the evidence from Dr. Liebenau's report and the opinions of Dr. Fantz.

**V. Did the ALJ err in finding that plaintiff's impairments do not meet or equal listed impairments 12.06 (anxiety related disorders) and 12.08 (personality disorders)?**

At step three, plaintiff has the burden of demonstrating, through medical evidence, that his/her impairments meet all of the specified medical criteria contained in a particular listing. Riddle v. Halter, 10 Fed. Appx. 665, 667 (10th Cir. March 22, 2001). An impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990). Because the listed impairments, if met, operate to cut off further inquiry, they should not be read expansively. Caviness v. Apfel, 4 F. Supp.2d 813, 818 (S.D. Ind. 1998).

Both listed impairment 12.06 and 12.08 have the same "paragraph B" criteria, which are:

B. Resulting in at least two of the

following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff argues that Dr. Liebenau's report supports a finding of marked difficulties in maintaining concentration, persistence or pace, and in maintaining social functioning (Doc. 15 at 27).

Dr. Liebenau stated in his report that plaintiff's attention and concentration was "variable and he was distracted by his self-reported bizarre beliefs including his alleged visual hallucinations" (R. at 382). However, Dr. Liebenau further stated that "it is unclear whether he actually hallucinates or whether he is trying to portray himself as mentally ill in order to obtain disability benefits" (R. at 382). Dr. Fantz, after reviewing the consultative examination by Dr. Liebenau, found that plaintiff had only mild limitations in activities of daily living, moderate limitations in maintaining social functioning, and in maintaining concentration, persistence, or pace, and further found no episodes of decompensation (R. at 449, 451). The ALJ adopted these findings in his step three analysis (R. at

20).  Again, the court will not reweigh the evidence.

Furthermore, the court finds that the conclusion of the ALJ that

plaintiff did not have marked limitations is reasonable and

consistent with the evidence from Dr. Liebenau's report and the

opinions of Dr. Fantz.[2]

Plaintiff also relies on the report of Dr. Schell that

plaintiff has posttraumatic stress, severe, to support a

determination that plaintiff's impairment meets 12.06 (Doc. 15 at

29).  It is true that Dr. Schell found that plaintiff had marked

limitations in 19 out of 20 categories (R. at 649-650).  However,

the ALJ gave little weight to the opinions of Dr. Schell, noting

the absence of any treatment records (R. at 22-23).  Nothing in

Dr. Schell's two letters indicates that he provided treatment to

the plaintiff (R. at 646, 647).  Furthermore, Dr. Schell

indicated that he was advising plaintiff to get treatment (R. at

646).  In fact, plaintiff's own brief referred to Dr. Schell's

"cursory" examination of the plaintiff (Doc. 15 at 29).  The

court finds that the ALJ had a reasonable basis, based on the

evidence in the record, to discount the opinions of Dr. Schell,

and to give greater weight to the opinions of Dr. Liebenau and

---

[2]Plaintiff's only argument in favor of finding that
plaintiff had marked difficulties in maintaining social
functioning is based on plaintiff's testimony that he had lost 14
girlfriends this year (Doc. 15 at 27).  The court does not find
that this evidence, of itself, establishes a marked limitation in
maintaining social functioning, especially in light of the
medical opinion evidence in this case.

Dr. Fantz.

The court finds that the ALJ's determination that plaintiff's impairments did not meet or equal a listed impairment, including listed impairments 12.06 and 12.08, is reasonable, and consistent with the consultative examination by Dr. Liebenau and the state agency assessment by Dr. Fantz. Plaintiff failed to meet his burden that his impairments meet or equal listed impairment 12.06 and/or 12.08.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 14 days after being served with a copy.

Dated at Wichita, Kansas, on March 22, 2010.


                              s/Gerald B. Cohn
                              GERALD B. COHN
                              United States Magistrate Judge